# Exhibit D

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JANE DOE,

Plaintiff,

v.

FRIENDSHIP PLACE,

JEAN-MICHEL GIRAUD, CEO,

CHRIS PITOCICHELLI, Division Director,

JONATHAN WHITTED, Regional Director,

REBEKAH KOEN, Program Director,

LINDSEY MILLER, Assistant Director,

SAHIRAH HOBES, United States Department of Veterans Affairs Official,

PHILADELPHIA INSURANCE COMPANIES,

Defendants.

Civil Action No. 1:25-cv-00727-UNA

---

**PUBLIC-FACING CIVIL RIGHTS COMPLAINT**

(With Jury Demand)

INTRODUCTION

Plaintiff Jane Doe, a disabled veteran, caregiver, and mother of five, brings this civil rights action against Defendants for ongoing retaliation, racial and disability discrimination, obstruction of housing access, and public exposure of trauma records. Defendants' coordinated actions, many under color of federal authority and with federal funding, have caused continuing harm to Plaintiff and her family. The harm has not only persisted—it has escalated and compounded because there has been no accountability.

RECEIVED

MAY 8 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S. Code §§ 1331 and 1343.

2. Venue is proper under 28 U.S. Code § 1391(b), as all events occurred in the District of Columbia and surrounding federally funded jurisdictions.

## PARTIES

3. Plaintiff is a disabled veteran who proceeds under pseudonym due to trauma exposure and safety concerns.

4. Defendant Friendship Place receives federal funds through the Supportive Services for Veteran Families program and Veterans First.

5. Defendant Jean-Michel Giraud is CEO of Friendship Place. Plaintiff contacted him directly with no response, despite his knowledge of ongoing harm.

6. Defendant Chris Pitocichelli made racially and clinically inappropriate comments during intake, invalidating Plaintiff's trauma and using her race against her.

7. Defendant Jonathan Whitted concealed key program documentation (Exhibit D) and provided misleading testimony affecting Plaintiff's housing stability.

8. Defendant Rebekah Koen denied accommodations despite receiving medical letters and suicide risk disclosures. Her program continues to use federal funds while denying emergency housing to veterans based on disability pay.

9. Defendant Lindsey Miller dismissed Plaintiff's plea for help, made comments mocking her dialect, and stated she would "pray" instead of assisting.

10. Defendant Sahirah Hobes acted under color of federal law and coordinated Plaintiff's exit from services during active litigation.

11. Defendant Philadelphia Insurance Companies failed to intervene after being notified of the harm funded under their insured client's federal housing contract.

## CLAIMS FOR RELIEF

Count I – Disability Discrimination

(Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Fair Housing Act)

Count II – Retaliation and Obstruction of Justice

(42 U.S.C. § 3617 and First Amendment)

Count III – Constitutional Injury (Fifth Amendment)

(Due Process, Equal Protection, and Access to Courts)

Count IV – Racial Discrimination and Public Exposure of Trauma

(Violations of the D.C. Human Rights Act and Civil Rights Act)

## FACTUAL BASIS AND CONTINUING INJURY

12. Plaintiff sought help in October 2024 while in medical crisis. Friendship Place and its agents refused to screen or assist until November, when Plaintiff was mocked, dismissed, and told her service-connected disability pay disqualified her from aid.

13. Despite disclosing suicidal ideation, requesting accommodations for her disabled husband and children, and submitting doctor letters, Plaintiff was told repeatedly she did not qualify—even after acknowledging the program had received $8 million in federal funding.

14. Plaintiff continues to live in a two-bedroom unit with five children, with no handicapped access. Her infant, [redacted], needs delayed eye surgery. Two children require surgery. Her husband remains without adequate care or housing support.

15. Defendant's discriminatory actions have worsened Plaintiff's mental health, delayed medical interventions, and blocked her from attending trauma care appointments or stabilizing her home.

16. Plaintiff's sealed trauma disclosures were misused in court, her filings obstructed, and her service needs ignored across jurisdictions.

17. The harm has escalated. Defendants continue to operate publicly, fundraise, and deny responsibility while Plaintiff's crisis deepens. This ongoing injury requires emergency federal court intervention.

---

**PRAYER FOR RELIEF**

Plaintiff respectfully demands:

- $5,000,000 in compensatory damages,
- Injunctive relief stopping all retaliation,
- Structural oversight of federally funded retaliation schemes,
- Declaratory relief confirming violations of federal law,
- Costs and any additional relief this Court deems just.

---

**JURY DEMAND**

Plaintiff demands trial by jury on all claims so triable.

Respectfully submitted,

Jane Doe

Plaintiff, pro se    8 May 2025