UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 25-1566      Caption [use short title]

Motion for: Dismissal with Prejudice

Jane Doe v. Friendship Place et. al.

Set forth below precise, complete statement of relief sought:

Memorandum of Law in Support of Motion Seeking

Dismissal of Appeal with Prejudice due to

Appellant's Non-Compliance

MOVING PARTY: Philadelphia Insurance Companies    OPPOSING PARTY: Jane Doe

- [ ] Plaintiff    [ ] Defendant
- [ ] Appellant/Petitioner    [x] Appellee/Respondent

MOVING ATTORNEY: Michael S. Gollub    OPPOSING ATTORNEY: Pro Se Litigant

[name of attorney, with firm, address, phone number and e-mail]

Marshall, Conway, Bradley and Gollub, P.C.

45 Brodway, Suite 740

New York, New York 10006

Court- Judge/ Agency appealed from: Southern District of New York - Judge Laura Taylor Swain, Chief District Judge

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
- [ ] Yes [x] No (explain): Litigant is Pro Se

Opposing counsel's position on motion:
- [ ] Unopposed [ ] Opposed [x] Don't Know

Does opposing counsel intend to file a response:
- [ ] Yes [ ] No [x] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below? [ ] Yes [ ] No

Has this relief been previously sought in this court? [ ] Yes [ ] No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? [ ] Yes [x] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? [ ] Yes [x] No If yes, enter date:

Signature of Moving Attorney: _____ Date: 8-25-25   Service: [ ] Electronic [ ] Other [Attach proof of service]

Form T-1080 (rev. 10-23)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

JANE DOE,

                Appellant,

      v.

FRIENDSHIP PLACE *et al.*,

                Appellees.

**Docket No.: 25-1566**


**MEMORANDUM OF LAW IN SUPPORT OF MOTION SEEKING DISMISSAL OF**
**APPEAL WITH PREJUDICE DUE TO APPELLANT'S NON-COMPLIANCE**


MARSHALL, CONWAY, BRADLEY, and
GOLLUB P.C.
Michael S. Gollub, Esq.
45 Broadway, Suite 740
New York, New York 10006
Telephone (212) 619-4444

*Counsel for Appellee, Philadelphia*
*Insurance Companies*

1

Appellee Philadelphia Insurance Companies ("Philadelphia") respectfully submits this Memorandum in Support Seeking Dismissal with Prejudice due to Appellant's repeated non-compliance of this appeal.

## THIS APPEAL SHOULD BE DISMISSED WITH PREJUDICE DUE TO APPELLANT'S FAILURE TO COMPLY WITH COURT ORDERS

On July 31, 2025, the Court ordered that this appeal would be dismissed if Appellant failed to file an Acknowledgement and Notice of Appearance Form by August 21, 2025. *See* **Gollub Declaration, Exhibit A** (Court Order, Docket No. 25-1566, #24). The Appellant missed this deadline. Appellant has now failed to comply with multiple Court Orders which graciously allowed Appellant additional time to cure both motion and procedural defects. Therefore, we request that this appeal be marked dismissed.

On July 29, 2025, Appellant filed an Emergency Motion for an extension of time to file the form D-P. *See* **Gollub Declaration, Exhibit B** (Emergency Motion, Docket No. 25-1566, #19). Appellant requested an extension to August 7, 2025 to file this required form.

The Court did not issue a ruling on the substance of this motion. However, on July 31, 2025 the Court issued a Notice of Defective Filing. *See* **Gollub Declaration, Exhibit C** (Notice of Defective Filing, Docket No. 25-1566, #21). The Court noted that Appellant's Emergency Motion was missing both the Motion Information Statement, in noncompliance with Local Rule 27.1, and Missing Proof of Service, in noncompliance with Federal Rules of Appellate Procedure 25 ("FRAP"). *Id.* The Notice states that, "Failure to cure the defect(s) by the date set forth above (August 21, 2025) will result in the document being stricken." *Id.* Upon review, the Emergency Motion was struck from the docket.

Additionally, on July 31, 2025 the Court issued an Order related to Appellant's failure to

2

file an Acknowledgement and Notice of Appearance Form. *See* **Gollub Declaration, Exhibit A** (Court Order, Docket No. 25-1566, #22). The Order states that a notice of appeal was filed on June 12, 2025 and that Appellant's Acknowledgement and Notice of Appearance Form, due July 8, 2025, had still not been filed. *Id.* The Court ordered that, "the appeal will be dismissed effective August 21, 2025, if the Acknowledgment and Notice of Appearance Form is not filed by that date" due to the appeal being deemed in default of both FRAP 12 (b) and Local Rule 12.3. *Id.* This Form was not filed.

This is not the first Court Order that Appellant failed to comply with. On July 1, 2025, the Court ordered that the appeal would be dismissed, effective July 22, 2025, unless Appellant either first paid the appeal fee or moved for in forma pauperis status in district court or, if the court had denied in forma pauperis status, (which it did), moved in this Court for in forma pauperis status. Appellant did not satisfy either condition. *See* **Gollub Declaration, Exhibit D** (Court Order, Docket No. 25-1566, #10). On the same date, the Court further ordered that appeal would be dismissed, effective July 22, 2025, unless Appellant first submitted the form D-P. *See* **Gollub Declaration, Exhibit E** (Court Order, Docket No. 25-1566, #11). To date, Appellant has still not submitted the form D-P.

Appellant is now in noncompliance with numerous Orders from this Court that mandated compliance or the appeal would be dismissed. Although Appellant appears *pro se*, *pro se* litigations are not exempt from compliance with relevant rules of procedure. See *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (holding "[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.") The Court has provided Appellant with numerous opportunities to correct her deficiencies, yet she has failed to

do so. As a consequence, this appeal should be dismissed.

As noted in the Court's July 31, 2025 Order, this notice of appeal was filed on June 12, 2025 and the Acknowledgement and Notice of Appearance Form was due July 8, 2025. *See* **Gollub Declaration, Exhibit A** (Court Order, Docket No. 25-1566, #24). Over six weeks later, the Acknowledgement and Notice of Appearance Form has still not been filed. Thus, this appeal remains in default. This default is notwithstanding Appellant's previous failures to comply with each of the Court's July 2, 2025 Orders that required compliance or dismissal of the appeal by July 22, 2025.

Philadelphia respectfully requests that the Court dismiss this appeal.

## <u>CONCLUSION</u>

For the reasons set forth above, Philadelphia respectfully requests that the Court dismiss this appeal with prejudice.

Dated:    August 25, 2025

Respectfully submitted,

By: /s/ Michael S. Gollub, Esq.
       Michael S. Gollub, Esq.
       MARSHALL, CONWAY, BRADLEY &
       GOLLUB, P.C.
       45 Broadway, Suite 740
       New York, New York 10006
       Telephone (212) 619-4873

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

JANE DOE,

                Appellant,                    **Docket No.: 25-1566**

    v.

FRIENDSHIP PLACE *et al.*,

                Appellees.

Pursuant to 28 U.S.C. 1746, Michael S. Gollub declares under penalty of perjury that the foregoing is true and correct:

1.      I am an attorney duly admitted to practice law in the State of New York and am a member of the bar of this Court. I am a member of the law firm of Marshall, Conway, Bradley, & Gollub P.C., attorneys for Appellee Philadelphia Insurance Companies ("Philadelphia"). I have personal knowledge of the facts set forth herein and submit this declaration in support of Philadelphia's Motion Seeking Dismissal of this Appeal with Prejudice due to Appellant's Non Compliance.

2.      Attached as Exhibit "A" is a true and correct copy of this Court's July 31, 2025 Order, Docket No. 25-1566, #24.

3.      Attached as Exhibit "B" is a true and correct copy of Appellant's Emergency Motion, Docket No. 25-1566, #19.

4.      Attached as Exhibit "C" is a true and correct copy of this Court's July 31, 2025 Notice of Defective Filing, Docket No. 25-1566, #21.

5.      Attached as Exhibit "D" is a true and correct copy of this Court's July 1, 2025 Order, Docket No. 25-1566, #10.

6.      Attached as Exhibit "E" is a true and correct of this Court's July 1, 2025 Order,

Docket No. 25-1566, #11.

Dated:      August 25, 2025

Respectfully submitted,

By:  /s/ Michael S. Gollub, Esq.
       Michael S. Gollub, Esq.
       MARSHALL, CONWAY, BRADLEY &
       GOLLUB, P.C.
       45 Broadway, Suite 740
       New York, New York 10006
       Telephone (212) 619-4873

# Exhibit A

## UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

---

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-five,

---

Jane Doe,

      Plaintiff - Appellant,

  v.

Friendship Place, Chris Pitocchelli, in her individual capacity as Division Director of Veterans First, Lindsay Miller, in her individual capacity as Assistant Director, Rebecca Cohen, in her individual capacity, Jonathan Whitted, in his individual capacity as Vice President of Regional Programs, Jean-Michel Giraud, in his individual capacity as CEO of Friendship Place, Philadelphia Insurance Companies, (PHLY) as insurer and funding actor, Sahirah Hobes, in her individual capacity as SSVF Regional Coordinator, Department of Veterans Affairs,

      Defendants - Appellees.

**ORDER**
Docket No. 25-1566

---

A notice of appeal was filed on June 12, 2025. The Appellant's Acknowledgment and Notice of Appearance Form due July 8, 2025, has not been filed. The case is deemed in default of FRAP 12(b), and LR 12.3.

IT IS HEREBY ORDERED that the appeal will be dismissed effective August 21, 2025, if the Acknowledgment and Notice of Appearance Form is not filed by that date.

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court

# Exhibit B

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Case No. 25-1566

Jane Doe, Appellant

v.

Friendship Place, Philadelphia Insurance Companies, et al., Appellees

EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE FORM D-P

I am the pro se appellant in this matter. I respectfully move for an extension of time until August 7, 2025 to file Form D-P and comply with initial appeal obligations.

Since July 1, 2025, I have been unable to comply due to overlapping medical, legal, and logistical emergencies, including:

1. Active eviction proceedings filed by my apartment complex;

2. Imminent vehicle repossession, which would remove medically necessary transportation;

3. Confirmed pregnancy loss on July 23, 2025, while under stress and lifting items out of my storage unit due to lack of support; I went to the emergency room and will submit picture documentation of the completed miscarriage diagnosis and the actual pictures of the miscarriage.

4. Active suicide monitoring by my medical providers.

5. Inability to access physical copies of the case in New York City, which are needed for proper filing and service; Judge Laura Swain has sealed the entire docket.

6. Delayed mail delivery, which has affected my ability to respond in real time to notices in this and other pending litigation;

7. Repeated denials of support from federally funded programs I was entitled to, including SSVF and HUD-VASH;

I have not abandoned this appeal. I am under clinical observation and actively trying to comply. Philadelphia Insurance Companies entered an appearance on July 24, 2025. That confirms this case is active and contested. I had the right to respond meaningfully and not while bleeding, burying, or collapsing.

I request until August 7, 2025 to stabilize my medical condition, retrieve physical case files, and file Form D-P.

Legal Basis and Procedural Authority

This motion is submitted pursuant to the following:

•Federal Rule of Appellate Procedure 26(b):

"For good cause, the court may extend the time prescribed by these rules or by its order…"
This empowers the Court to grant extensions even after the deadline has passed, especially with good cause and no prejudice.

•FRAP 27 (Motions Practice):
Allows any party to seek relief through motion practice, including extensions of time or remedial orders.

•FRAP 3 and 4 (Notices of Appeal):

Once a notice of appeal has been properly filed, the Court has jurisdiction, and procedural defects like a late Form D-P do not divest jurisdiction unless willful abandonment is shown.

•Second Circuit Local Rule 27.1(c):
Allows motions for procedural relief to be granted upon a showing of cause and requires that motions be considered with respect to the circumstances of the moving party.

•Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380 (1993):

Courts evaluating delay must consider excusable neglect, including the length of delay, danger of prejudice, reason for delay, and whether the party acted in good faith.

•Haines v. Kerner, 404 U.S. 519 (1972):

Pro se litigants' pleadings are held to less stringent standards than formal pleadings drafted by lawyers. Courts must construe pro se filings liberally and not dismiss them for mere technicalities.

> •42 U.S.C. § 12132 (ADA Title II) & Rehabilitation Act, 29 U.S.C. § 794:

As a disabled veteran with documented suicidal ideation under VA and clinical monitoring, I am invoking protection under the Americans with Disabilities Act and Rehabilitation Act. Procedural barriers must not be used to foreclose my access to justice, particularly when accommodations or extensions can cure timing issues without prejudice.

Jane Doe

July 29, 2025

# Exhibit C

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: July 31, 2025
Docket #: 25-1566
Short Title: Doe v. Friendship Place

DC Docket #: 1:25-cv-4422
DC Court: SDNY (NEW YORK CITY)
DC Judge: Trial Judge - Laura Taylor Swain

### NOTICE OF DEFECTIVE FILING

On July 29, 2025 the Emergency Motion for an extension of time to file form D-P, on behalf of the Appellant Jane Doe, was submitted in the above referenced case. The document does not comply with the FRAP or the Court's Local Rules for the following reason(s):

_____ Failure to submit acknowledgment and notice of appearance *(Local Rule 12.3)*
_____ Failure to file the Record on Appeal *(FRAP 10, FRAP 11)*
__X___ Missing motion information statement *(T-1080 - Local Rule 27.1)*
_____ Missing supporting papers for motion (e.g, affidavit/affirmation/declaration) *(FRAP 27)*
_____ Insufficient number of copies *(Local Rules: 21.1, 27.1, 30.1, 31.1)*
__X___ Improper proof of service *(FRAP 25)*
    __X___ Missing proof of service
    _____ Served to an incorrect address
    _____ Incomplete service *(Anders v. California 386 U.S. 738 (1967))*
_____ Failure to submit document in digital format *(Local Rule 25.1)*
_____ Not Text-Searchable *(Local Rule 25.1, Local Rules 25.2),* click here for instructions on how to make PDFs text searchable
_____ Failure to file appendix on CD-ROM *(Local Rule 25.1, Local Rules 25.2)*
_____ Failure to file special appendix *(Local Rule 32.1)*
_____ Defective cover *(FRAP 32)*
    _____ Incorrect caption *(FRAP 32)*
    _____ Wrong color cover *(FRAP 32)*
    _____ Docket number font too small *(Local Rule 32.1)*
_____ Incorrect pagination, click here for instructions on how to paginate PDFs *(Local Rule 32.1)*
_____ Incorrect font *(FRAP 32)*
_____ Oversized filing *(FRAP 27 (motion), FRAP 32 (brief))*
_____ Missing Amicus Curiae filing or motion *(Local Rule 29.1)*
_____ Untimely filing
_____ Incorrect Filing Event

_x_____ Other: Please refile Motion with a Motion Information Statement (Form T-1080) and a certificate of service, must serve to all Opposing parties. Please view the attached public docket sheet for further information and the forms are attached for your convenience.

Please cure the defect(s) and resubmit the document, with the required copies if necessary, no later than August 21, 2025. The resubmitted documents, if compliant with FRAP and the Local Rules, will be deemed timely filed.

Failure to cure the defect(s) by the date set forth above will result in the document being stricken. An appellant's failure to cure a defective filing may result in the dismissal of the appeal.

Inquiries regarding this case may be directed to 212-857-8588

# Exhibit D

## UNITED STATES COURT OF APPEALS
### for the
### SECOND CIRCUIT

---

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-five,

---

Jane Doe,

      Plaintiff - Appellant,

v.

Friendship Place, Chris Pitocchelli, in her individual capacity as Division Director of Veterans First, Lindsay Miller, in her individual capacity as Assistant Director, Rebecca Cohen, in her individual capacity, Jonathan Whitted, in his individual capacity as Vice President of Regional Programs, Jean-Michel Giraud, in his individual capacity as CEO of Friendship Place, Philadelphia Insurance Companies, (PHLY) as insurer and funding actor, Sahirah Hobes, in her individual capacity as SSVF Regional Coordinator, Department of Veterans Affairs,

      Defendants - Appellees.

**ORDER**
Docket No. 25-1566

---

A notice of appeal was filed on June 12, 2025. The filing fee of $605.00 was due to be paid to the district court by June 26, 2025. The case is deemed in default.

Instructions for moving for *in forma pauperis* status are provided in the Court's instructions entitled "*How to Appeal a Civil Case in the United States Court of Appeals for the Second Circuit*". The manual and the forms required to file the motion are enclosed with this order. They are also available on the Court's website www.ca2.uscourts.gov.

IT IS HEREBY ORDERED that the appeal is dismissed effective July 22, 2025, unless by that date appellant either pays the fee in full, moves for *in forma pauperis* status in district court or, if district court has denied *in forma pauperis* status, moves in this Court for *in forma pauperis* status. If appellant has filed the motion in district court and the motion is pending, appellant must so advise this Court in writing by the same date.

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court

# Exhibit E

## UNITED STATES COURT OF APPEALS
### for the
### SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-five,

Jane Doe,

      Plaintiff - Appellant,

v.

Friendship Place, Chris Pitocchelli, in her individual capacity as Division Director of Veterans First, Lindsay Miller, in her individual capacity as Assistant Director, Rebecca Cohen, in her individual capacity, Jonathan Whitted, in his individual capacity as Vice President of Regional Programs, Jean-Michel Giraud, in his individual capacity as CEO of Friendship Place, Philadelphia Insurance Companies, (PHLY) as insurer and funding actor, Sahirah Hobes, in her individual capacity as SSVF Regional Coordinator, Department of Veterans Affairs,

      Defendants - Appellees.

**ORDER**

Docket No. 25-1566

A notice of appeal was filed on June 12, 2025. The Appellant's Form D-P due June 26, 2025, has not been filed. The case is deemed in default of FRAP 12(b), and LR 12.3.

IT IS HEREBY ORDERED that the appeal will be dismissed effective July 22, 2025, if the Form D-P is not filed by that date.

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court